Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
Evan Littman (Bar No. 358272)
elittman@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (310) 437-8665
Facsimile:   (310) 943-2085

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BACKGRID USA, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> BEACH BUNNY SWIMWEAR, INC., a California corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.:   2:25-cv-4718 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, BackGrid USA, Inc. ("BackGrid"), complains against Defendant, Beach Bunny Swimwear, Inc. ("Beach Bunny"), a California corporation, and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants and their agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Specifically, Defendant Beach Bunny is a California corporation with its principal place of business in Costa Mesa, California. Beach Bunny's press outreach, social media accounts, and website are directed to and consumed by Southern California readers. Beach Bunny's flagship store is its Newport Beach, California location, and its website advertises to consumers that it was "[f]ounded by Angela Chittenden in the coastal haven of Newport Beach, California."

## PARTIES

3. Plaintiff BackGrid USA, Inc. is a California corporation with its principal place of business located in Los Angeles, California.

4. Defendant Beach Bunny Swimwear, Inc. is a California corporation with its principal place of business located in Costa Mesa, California.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

### FACTS COMMON TO ALL COUNTS

*BackGrid and the Photograph that Frames This Dispute*

6. BackGrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, BackGrid owns coveted photographs of celebrities, including Joy Corrigan (hereinafter the "Corrigan Photograph"). All rights, title and interest in the Corrigan Photograph (the photograph at issue in this case), including but not limited to the copyrights thereon, are owned by BackGrid.

8. BackGrid filed for copyright registration of the Corrigan Photograph within 90 days of its first publication with the United States Copyright Office. *See* VA0002305258.

*Defendants and Their Willful Infringing Activity*

9. Defendant Beach Bunny Swimwear, Inc. is a California-based clothing and apparel company that makes swimwear for women. On information and belief, it is owned and operated by Angela Chittenden, who founded it in 2003. According to its website, it has "evolved into a globally recognized name, celebrated for its unique designs and luxurious swimwear." Beach Bunny operates and controls the Instagram account at issue in this dispute, located at @beachbunnyswimwear (the "Instagram Account"). The Instagram Account has a

3

**COMPLAINT**

blue checkmark verification, indicating that Instagram has verified that the account belongs to Defendants, and currently has over 786,000 followers.

10. Beach Bunny violated federal law by willfully infringing BackGrid's copyrights to at least one photograph on, at least, the Instagram Account. Attached hereto as Exhibit A and incorporated herein by reference are true and correct screenshots of the Instagram Account, including screenshots of the one infringed photograph at issue in this lawsuit.

11. Additionally, Beach Bunny induced, caused, or materially contributed to the reproduction, distribution and public display of the Corrigan Photograph, and derivatives thereof, all while knowing or having reason to know of the infringement on its accounts were without permission, consent, or license. By uploading the Corrigan Photograph to the Instagram Account, Beach Bunny encourages its fans to "share" the photograph, thus causing others to also willfully infringe and multiplying the harm to BackGrid.

12. On information and belief, Beach Bunny operates and controls its Instagram Account at all times relevant to this dispute and financially benefits from the infringement of the Corrigan Photograph displayed thereto. On information and belief, Beach Bunny has driven significant traffic to its Instagram Account in large part due to the presence of the sought after and searched-for Corrigan Photograph that frames this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of its infringing actions.

13. BackGrid made exhaustive efforts to resolve this lawsuit with Beach Bunny prior to filing this action. Unfortunately, Beach Bunny stopped responding to BackGrid and left BackGrid with no other choice than to file this lawsuit.

14. BackGrid discovered Defendants' infringing activity within three years.

**COMPLAINT**

# FIRST CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. § 501)

15. BackGrid incorporates hereby reference the allegations in paragraphs 1 through 14 above.

16. BackGrid is the owner of all rights, title, and interest in the copyrights of the Corrigan Photograph that frames this dispute, which substantially consists of material wholly original and which are copyrightable subject matter under the laws of the United States.

17. BackGrid filed for copyright registration of the Corrigan Photograph within 90 days of its first publication with the United States Copyright Office.

18. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid's copyrights by reproducing, displaying, distributing, and utilizing the Corrigan Photograph for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

19. All of the Defendants' acts are and were performed without permission, license, or consent of BackGrid.

20. BackGrid has identified at least one instance of infringement by way of unlawful reproduction and display of BackGrid's photograph (as well as the unlawful facilitation of other's reproduction of its photograph).

21. As a result of the acts of Defendants alleged herein, BackGrid has suffered substantial economic damage.

22. Defendants have willfully infringed, and, unless enjoined, will continue to infringe BackGrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Beach Bunny's encouragement of the infringement and financial benefit it receives from BackGrid's copyrights.

23. Beach Bunny is well aware of the value of intellectual property. It has availed itself of the protections of United States trademark law. The bottom of its

website includes the © symbol, alerting readers that its content protected by U.S. copyright laws. Its website's Terms and Conditions also clearly states that visitors are prohibited from, among other things, "using the site or its content . . . to infringe upon or violate our intellectual property rights or the intellectual property rights of others." Additionally, in 2004 Beach Bunny filed a trademark application with the United States Patent and Trademark Office ("USPTO"). *See* serial number 78459361. Beach Bunny has therefore exhibited a sophisticated understanding of the strictures of intellectual property law to protect its business assets.

24.  The wrongful acts of Defendants have caused, and are causing, injury to BackGrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BackGrid seeks a declaration that Defendants are infringing BackGrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

25.  The above-documented infringements alone would entitle BackGrid to a potential award of up to $150,000 in statutory damages for the at-least one infringed photograph, in addition to its attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.  That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all of BackGrid's photographs;

2.  That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either

now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from its acts of copyright infringement and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505;

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: May 23, 2025

**ONE LLP**

By: */s/ Joanna Ardalan*
    Joanna Ardalan
    Evan Littman

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

# DEMAND FOR JURY TRIAL

Plaintiff BackGrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: May 23, 2025                    **ONE LLP**

By: */s/ Joanna Ardalan*
　　Joanna Ardalan
　　Evan Littman

　　*Attorneys for Plaintiff,*
　　BackGrid USA, Inc.